UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

CORDOBA CAPITAL,                                    :
                                                                        :          14 Civ. 7164 (TPG)
                            Plaintiff,                          :
                                                                        :
                v.                                                   :          **ANSWER TO**
                                                                        :          **COMPLAINT**
THE REPUBLIC OF ARGENTINA,              :
                                                                        :
                            Defendant.                      :
                                                                        :
                                                                        :
                                                                        :
                                                                        :
---------------------------------------------------------------------- X


        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the

Complaint dated September 5, 2014 (the "Complaint"), respectfully states as follows:

        1.    The Republic lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 1 of the Complaint.  To the extent that Paragraph 1 of

the Complaint purports to characterize the contents of a written document, that document speaks

for itself.  The Republic denies such characterizations inconsistent with the contents of the

referenced document and refers to the document cited in Paragraph 1 of the Complaint for its

true and correct contents.  To the extent that Paragraph 1 of the Complaint constitutes a

conclusion of law, no responsive pleading is required.

        2.    Paragraph 2 of the Complaint purports to characterize the contents of a written

document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 2 of the Complaint for its true and correct contents.  To the extent Paragraph 2 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

3.     The Republic lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, except admits that plaintiff initiated an action against the Republic in connection with certain bonds issued by the Republic.  Paragraph 3 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 3 of the Complaint for their true and correct contents.

4.     Paragraph 4 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 4 for its true and correct contents.  To the extent Paragraph 4 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

5.     Paragraph 5 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 5 of the Complaint for its true and correct contents.

6.     To the extent that Paragraph 6 of the Complaint purports to characterize the contents of written documents, those documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 6 of the Complaint for their true and correct contents.  To the

extent Paragraph 6 of the Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 6.

7.   The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8.   Paragraph 8 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

9.   To the extent Paragraph 9 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that Paragraph 9 of the Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 of the Complaint for its true and correct contents. The Republic otherwise denies the allegations contained in Paragraph 9.

10. To the extent Paragraph 10 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that Paragraph 10 of the Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 of the Complaint for its true and correct contents.

11. Paragraph 11 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.

12. Paragraph 12 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 of the Complaint for its true and correct contents.

13. Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 of the Complaint for its true and correct contents.

14. Paragraph 14 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 for its true and correct contents.

15. Paragraph 15 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 for its true and correct contents. To the extent Paragraph 15 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

16. Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 of the Complaint for its true and correct contents. To the extent Paragraph 16 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

17. Paragraph 17 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the referenced documents and refers to documents cited in Paragraph 17 of the

Complaint for their true and correct contents. To the extent Paragraph 17 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

18. To the extent that Paragraph 18 of the Complaint purports to characterize the contents of a written document, that document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 of the Complaint for its true and correct contents.  The Republic otherwise admits that in 2005 it launched and consummated a voluntary exchange offer to holders of bonds governed by the 1994 FAA.

19. Paragraph 19 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 of the Complaint for its true and correct contents.

20. Paragraph 20 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 20 of the Complaint for its true and correct contents.

21. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.  To the extent that Paragraph 21 of the Complaint purports to characterize the contents of a written document, that document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 21 of the Complaint for its true and correct contents.

22.  Paragraph 22 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 22 of the Complaint for its true and correct contents.

23. Paragraph 23 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 23 of the Complaint for its true and correct contents.

24. To the extent that Paragraph 24 of the Complaint purports to characterize the contents of written documents, those documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 24 of the Complaint for their true and correct contents.  The Republic otherwise denies the allegations contained in Paragraph 24, except admits that it has paid the amounts due on its restructured debt since its issuance.

25. To the extent that Paragraph 25 of the Complaint purports to characterize the contents of a written document, that document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 25 of the Complaint for its true and correct contents.  To the extent Paragraph 25 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

26. To the extent that Paragraph 26 of the Complaint purports to characterize the contents of a written document, that document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the

document cited in Paragraph 26 of the Complaint for its true and correct contents. To the extent Paragraph 26 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

27. Paragraph 27 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 27 for its true and correct contents.

28. Paragraph 28 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 28 for its true and correct contents.

29. To the extent that Paragraph 29 of the Complaint purports to characterize the contents of written documents, those documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 29 of the Complaint for their true and correct contents. The Republic otherwise denies the allegations contained in Paragraph 29, except admits that it has paid the amounts due on its restructured debt since its issuance. The Republic otherwise admits that in 2010 it launched and consummated a voluntary exchange offer to holders of bonds governed by the 1994 FAA.

30. The Republic admits that approximately 92% of eligible debt participated in its 2005 or 2010 Exchange Offers.

31. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint.

32. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.  To the extent Paragraph 32 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

34. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.  To the extent Paragraph 34 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 35 for their true and correct contents.

36. Paragraph 36 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 36 of the Complaint for its true and correct contents. To the extent Paragraph 36 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

37. Paragraph 37 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in

Paragraph 37 of the Complaint for their true and correct contents.  To the extent Paragraph 37 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

38. Paragraph 38 of the Complaint purports to characterize the contents of legal proceedings and written documents that speak for themselves.  The Republic denies such characterizations inconsistent with the legal proceedings and the contents of the referenced documents and refers to the legal proceedings and documents cited in Paragraph 38 of the Complaint for their true and correct contents. To the extent Paragraph 38 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

39. Paragraph 39 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 39 of the Complaint for its true and correct contents. To the extent Paragraph 39 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

40. Paragraph 40 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 40 of the Complaint for their true and correct contents. To the extent Paragraph 40 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

41. To the extent that Paragraph 41 of the Complaint purports to characterize the contents of written documents, those documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 41 of the Complaint for their true and correct contents.  To the

extent Paragraph 41 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise denies the allegations in Paragraph 41 of the Complaint.

42. In response to Paragraph 42 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 41 of the Complaint.

43. Paragraph 43 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 44 for its true and correct contents.

45. Paragraph 45 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

46. Paragraph 46 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 46 of the Complaint for its true and correct contents.  To the extent Paragraph 46 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise denies the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 47 of the Complaint for its true and correct contents.  To the extent Paragraph 47 of

the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic

otherwise denies the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

49. Paragraph 49 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

50. Paragraph 50 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

51. Paragraph 51 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

52. Paragraph 52 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

53. Paragraph 53 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

54. Paragraph 54 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

55. The Republic lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 55 of the Complaint. To the extent Paragraph 55 of the

Complaint constitutes a conclusion of law, no responsive pleading is required.

56. Paragraph 56 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

57. Paragraph 57 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

58. Paragraph 58 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

### First Affirmative Defense

59. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

60. Plaintiff's claims are barred by the act of state doctrine.

### Third Affirmative Defense

61. To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

62. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

63. Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

64. Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

65. Plaintiff's claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  *See Lightwater Corp. Ltd. v. Republic of Argentina*, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. Argentina*, 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003), Orders.

**Eighth Affirmative Defense**

66. Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the 1994 FAA or the governing bond documents.

**Ninth Affirmative Defense**

67. Plaintiff's claims are barred by the doctrine of laches.

**Tenth Affirmative Defense**

68. Plaintiff's claims are barred by the doctrine of res judicata.

**Eleventh Affirmative Defense**

69. Plaintiff's claims are barred by the doctrine of merger.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)      dismissing plaintiff's claims with prejudice;

(b)      awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c)      granting the Republic such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       November 4, 2014

                              CLEARY GOTTLIEB STEEN & HAMILTON LLP


                              By:____/s/ Carmine D. Boccuzzi_____
                                   Jonathan I. Blackman (jblackman@cgsh.com)
                                   Carmine D. Boccuzzi (cboccuzzi@cgsh.com)


                              One Liberty Plaza
                              New York, New York 10006
                              (212) 225-2000

                              Attorneys for the Republic of Argentina

-14-